**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-7589**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RICHARD LEE CONNER,

Defendant - Appellant.

**No. 11-7601**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ANTHONY THOMAS FOYE,

Defendant - Appellant.

Appeals from the United States District Court for the Southern District of West Virginia, at Charleston. Irene C. Berger, District Judge. (2:06-cr-00206-1; 2:99-cr-00023-1)

Submitted: June 5, 2012          Decided: October 18, 2012

Before DUNCAN, DAVIS, and WYNN, Circuit Judges.

Vacated and remanded with directions by unpublished per curiam opinion.

———————————

Mary Lou Newberger, Federal Public Defender, Jonathan D. Byrne, Appellate Counsel, Charleston, West Virginia, for Appellants. R. Booth Goodwin II, United States Attorney, John J. Frail, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated appeals, Richard Lee Conner and Anthony Thomas Foye appeal the district court's respective orders reducing their sentences pursuant to 18 U.S.C. § 3582(c)(2) (2006) and modifying the terms of their supervised release by requiring that they reside in a community confinement center for ninety days. We vacate the district court's judgments and remand with directions to strike the added conditions of supervised release.

In 2007, Conner pled guilty to distribution of cocaine and cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2006), and was sentenced to eighty-four months' imprisonment. The district court granted Conner's subsequent motion for reduction in sentence pursuant to § 3582(c)(2) in light of Amendment 706, reducing his sentence to sixty-three months in prison. In 2011, Conner filed a second motion for reduction in sentence, seeking the benefit of Amendment 750, which became retroactively applicable on November 1, 2011. The district court granted Conner's motion and reduced his sentence to fifty-one months' imprisonment. In addition, because the court anticipated that Conner's release from the Bureau of Prisons was imminent, and that Conner would benefit from a period of adjustment upon his return to the community, it ordered Conner to "complete a period of ninety days in a halfway house . . . as a modification of his

3

conditions of supervised release." Such a condition had not been ordered at the time of sentencing.

In 1999, Foye pled guilty to distribution of cocaine base and possession of cocaine base with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) (2006), and was sentenced to 235 months in prison. Thereafter, the district court granted Foye's motion for reduction of sentence pursuant to § 3582(c)(2) in light of Amendment 706, reducing Foye's sentence to 188 months' imprisonment. In 2011, Foye moved once again for a reduction in sentence following Amendment 750. The district court granted Foye's motion and reduced his sentence to 151 months in prison. As it had ordered in Conner's case, the court also imposed a 90-day stay in a Community Correctional Center upon Foye's release "as a modification of his conditions of supervised release."

Conner and Foye subsequently appealed, arguing that the district court erred by modifying the terms of their supervised release without conducting a hearing, as required by Fed. R. Crim. P. 32. We review a district court's decision regarding whether to reduce a sentence under § 3582(c)(2) for abuse of discretion. United States v. Munn, 595 F.3d 183, 186 (4th Cir. 2010) (citation omitted). A district court abuses its discretion if it relies on an erroneous factual or legal premise. DIRECTV, Inc. v. Rawlins, 523 F.3d 318, 323 (4th Cir.

4

2008) (internal quotation marks omitted). Pursuant to § 3582(c)(2), a district court may modify the term of imprisonment "of a defendant who has been sentenced . . . based on a sentencing range that has subsequently been lowered by the Sentencing Commission," if the Guidelines amendment is retroactively applicable. 18 U.S.C. § 3582(c)(2).

As Amendment 750 reduced the advisory Guidelines range for both Conner and Foye, the district court did not abuse its discretion in reducing their respective sentences. However, the district court exceeded its authority by modifying the terms of the Defendants' supervised release without first conducting a hearing or obtaining waiver of such hearing. Pursuant to Fed. R. Crim. P. 32.1(c)(1), "[b]efore modifying the conditions of probation or supervised release, the court must hold a hearing, at which the person has the right to counsel and an opportunity to make a statement and present any information in mitigation." A hearing is not required if the defendant waives the hearing or the relief sought is favorable to the defendant and the Government has received notice of the relief sought, has had a reasonable opportunity to object, and has not done so. Fed. R. Crim. P. 32.1(c)(2). Neither Conner nor Foye waived the right to a hearing, and the Government concedes that the district court erred when it modified their supervised release conditions as described above.

We previously stayed the district court's orders during the pendency of these appeals. It is apparent to us that Conner and Foye have long since returned to the community from the Bureau of Prisons and that the aim of the district court's modified conditions of release cannot be attained. Accordingly we vacate the district court's judgments and remand with directions to strike the added conditions of supervised release. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>VACATED AND REMANDED WITH DIRECTIONS</u>