In the

# United States Court of Appeals

## For the Seventh Circuit

No. 15-1994

SCOTT WELDON,

*Petitioner-Appellant*,

*v.*

UNITED STATES OF AMERICA,

*Respondent-Appellee*.

Appeal from the United States District Court for the
Southern District of Illinois.
No. 3:14-cv-00691-DRH — **David R. Herndon**, *Judge*.

ARGUED AUGUST 9, 2016 — DECIDED AUGUST 24, 2016

Before BAUER, POSNER, and SYKES, *Circuit Judges*.

POSNER, *Circuit Judge*. The defendant pleaded guilty to having distributed an illegal drug, resulting in a death. See 21 U.S.C. §§ 841(a)(1), (b)(1)(C). Because he agreed to cooperate with the government in the prosecution of another person who had contributed to the death, he received a prison sentence of only eight years. Three years later he filed a motion to vacate his conviction and sentence on the principal ground (and the only we need discuss) that his

lawyer had rendered ineffective assistance by persuading him to plead guilty because (according to the lawyer), the defendant had no possible defense. The district judge denied the motion, precipitating this appeal.

The facts giving rise to the defendant's prosecution and conviction are as follows. Defendant Weldon, his girlfriend Andrea Fields, and their friend David Roth pooled $120 (Roth contributing $100 and Weldon and Fields $20 jointly) to buy heroin from Weldon's drug dealer. The three drove in Roth's car (Roth driving) to meet the dealer. Roth parked behind the dealer's car at the arranged meeting place and Weldon got out of Roth's car, walked to the dealer's car, gave the dealer the $120 for the heroin, and returned with it to Roth's car. Weldon gave the heroin, which was wrapped in a dollar bill, to Fields, who tucked it away. Roth then drove to his home, where Fields mixed the heroin with water, divided the mixture into three equal parts, and injected it into the three of them. Roth died from the mixture injected into him. Fields was tried for her role in Roth's death, but argued that what she did in injecting Roth was not distribution, and she was acquitted.

Suppose you have lunch with a friend, order two hamburgers, and when your hamburgers are ready you pick them up at the food counter and bring them back to the table and he eats one and you eat the other. It would be very odd to describe what you had done as "distributing" the food to him. It is similarly odd to describe what either Weldon or Fields did as distribution. They had agreed to get high together, they shared the expense, they all went together to the drug dealer, and they shared the drug that they bought from him. It's true that only Weldon transferred the money for the drug to the dealer, but it was the pooled money that

he was handing over, although his contribution to the pool had been slight. It's true that having paid he carried the drug back to Roth's car. But it would have been absurd for all three to have gone up to the dealer and each pay him separately, and even more absurd for them to have carried the minute package, containing less than half a gram of powder, together to the car and from the car to Roth's residence. And remember that a jury rejected the argument that Fields' injecting Roth with the heroin (which metabolized to morphine after it was injected) was the *distribution* of the heroin-morphine to Roth.

*United States v. Swiderski*, 548 F.2d 445, 450 (2d Cir. 1977), holds that individuals who "simultaneously and jointly acquire possession of a drug for their own use, intending only to share it together," are not distributors, "since both acquire possession from the outset and neither intends to distribute the drug to a third person," and so "neither serves as a link in the chain of distribution." This reasoning has been approved in several cases, see *United States v. Layne*, 192 F.3d 556, 569 (6th Cir. 1999); *United States v. Hardy*, 895 F.2d 1331, 1334–35 (11th Cir. 1990); *United States v. Rush*, 738 F.2d 497, 514 (1st Cir. 1984); cf. *United States v. Mancuso*, 718 F.3d 780, 798 and n. 10 (9th Cir. 2013), though our court has had no occasion to opine on it.

The government argues (with no judicial support) that the holding of *Swiderski* is inapplicable to this case because "Weldon was the only one of the three to get out of Roth's car and conduct a hand-to-hand exchange of money for heroin with the dealer." The implication is that the rule of *Swiderski* requires absurd behavior. Imagine Weldon, Roth, and Fields squeezing into the dealer's car and each handing the dealer a separate handful of money. What on earth

would the dealer think of such antics? How would he react? What would he do? If he gave them the drug would they have to divide it on the spot in order to avoid being guilty of distribution?

What matters is that the defendants were participants in the same transaction. No cases require literal simultaneous possession; *Swiderski* and another decision (very like the present case) implicitly reject such a requirement. *United States v. Swiderski*, *supra*, 548 F.2d at 448; *United States v. Speer*, 30 F.3d 605, 608–09 (5th Cir. 1994). Given these decisions, the insistence of Weldon's lawyer to his client "umpteen times" that a defense to the charge of distribution had a zero chance of success was constitutionally deficient.

It's true that to be entitled to a new trial Weldon has to establish "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial," *Hill v. Lockhart*, 474 U.S. 52, 59 (1985), an insistence that might have persuaded the government to negotiate a settlement with him that would (without the uncertainty of a trial) have reduced his punishment significantly. See *Missouri v. Frye*, 132 S. Ct. 1399, 1409 (2012); *Kovacs v. United States*, 744 F.3d 44, 53 (2d Cir. 2014). Weldon is entitled to an evidentiary hearing to determine that probability. The judgment of the district court is therefore vacated and the case remanded for further proceedings consistent with this opinion. (The government has filed a motion to supplement the record on appeal, but we deny the motion; it is better for the district court to have the full record before it on remand.)

VACATED AND REMANDED