┌─────────────────────────────────────────────┐
**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1
└─────────────────────────────────────────────┘

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 21, 2016[*]
Decided December 22, 2016

**Before**

DIANE P. WOOD, *Chief Judge*

RICHARD A. POSNER, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

No. 16-1803

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 95-CR-135 |
| GREGORY HAYES, *Defendant-Appellant*. | Rudolph T. Randa, *Judge*. |

**O R D E R**

With about 3 years left on his 26-year federal prison sentence, Gregory Hayes asked the district court to modify the conditions of his impending supervised-release

---

[*] We have unanimously agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

term. The court treated his request as a motion under 18 U.S.C. § 3583(e)(2),[1] denied it as premature, and invited him to refile three months before his release date. We affirm.

In his motion Hayes argued that the sentencing judge (1) failed to justify the conditions using the factors in 18 U.S.C. § 3553(a), and (2) imposed "many" conditions that were vague or overbroad. He pointed to only one as vague—the condition that barred him from associating or communicating with any member, associate member, or prospective member of a gang. The district court denied the motion without prejudice. Hayes's failure-to-justify argument, the court concluded, was not authorized by § 3583(e)(2) because it was a late challenge based on an asserted procedural error from the time of sentencing. As for his vagueness argument, the district court acknowledged that the term "associating" needed clarification after *United States v. Kappes*, 782 F.3d 828 (7th Cir. 2015), but pointed out that Hayes still faced three years in prison and didn't specify the other conditions that he challenged. The court invited him to refile the motion three months before his release date.

On appeal Hayes contends that a full resentencing is necessary because several of his conditions are overly vague. But correcting vague conditions under § 3583(e)(2) would require only remand for clarification. See *United States v. Bickart*, 825 F.3d 832, 842 (7th Cir. 2016); *United States v. Purham*, 795 F.3d 761, 768 (7th Cir. 2015).

He also contends that refusing to "correct" the conditions upon his motion was error because § 3583(e)(2) allows district judges to modify conditions of release at any time. We disagree. Although judges have authority to adjust supervised-release conditions at any time, this does not mean that a judge *must* revise them whenever prisoners ask. *United States v. Williams*, 840 F.3d 865, 865 (7th Cir. 2016) (upholding determination that modification request 14 years before release was premature). Governing law and circumstances sometimes change during incarceration, so judges may require prisoners to make challenges all at once "in the year or so before release." See *id.*; *United States v. Myers*, 426 F.3d 117, 129–30 (2d Cir. 2005); see also *United States v. Siegel*, 753 F.3d 705, 717 (7th Cir. 2014) (noting that "best practices"

---

[1] Section 3583(e)(2) provides that courts may, after considering certain factors in 18 U.S.C. § 3553(a), "modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation and the provisions applicable to the initial setting of the terms and conditions of post-release supervision."

commend considering modifications on the "eve" of release). In this case Hayes explained some but not all of his substantive challenges and still had three years to serve in prison. The district court acted within its discretion by denying his request and allowing him to refile a single motion to be resolved before his release. And to the extent that Hayes now challenges other conditions on vagueness grounds, those arguments are similarly premature.

AFFIRMED.