NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 11, 2017[*]
Decided January 12, 2017

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 16-2391

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States |
| *Plaintiff-Appellee*, | District Court for the Southern District of Indiana, Indianapolis Division. |
| *v.* | |
| | No. 1:10-cr-00018-LJM-KPF |
| CHARLES COLSON, | |
| *Defendant-Appellant*. | Larry J. McKinney, *Judge*. |

**O R D E R**

Charles Colson pleaded guilty in 2011 to possessing and transporting child pornography, *see* 18 U.S.C. § 2252(a)(1), (a)(4)(B), and was sentenced to 10 years' incarceration and a lifetime of supervised release. In January 2016, Colson moved to modify or remove several conditions of his supervised release. *See* 18 U.S.C. § 3583(e)(2); FED. R. CRIM. P. 32.1(c); *United States v. Neal*, 810 F.3d 512, 516–20 (7th Cir. 2016). After

---

[*] We have unanimously agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

four months passed without a response from the government (despite having been granted extra time), Colson moved for "summary judgment"—in effect, a default, albeit in a criminal case. *Cf.* FED. R. CIV. P. 55(a). The district court, without conducting a hearing, entered an order granting some of the relief Colson requested, but also adding several new conditions. We conclude that those modifications should not have been made without a hearing, and thus we remand for further proceedings.

Federal Rule of Criminal Procedure 32.1(c) provides that, with two exceptions, a district court must conduct a hearing before modifying conditions of supervised release. At that hearing, the defendant has a right to counsel and must be given an opportunity to make a statement and present any information in mitigation. FED. R. CRIM P. 32.1(c)(1). The court may dispense with a hearing only if (1) "the person waives the hearing" or (2) "the relief sought is favorable to the person and does not extend the term of probation or of supervised release" and "an attorney for the government has received notice of the relief sought, has had a reasonable opportunity to object, and has not done so." FED. R. CRIM. P. 32.1(c)(2).

Colson argues that a hearing was required because, he says, neither exception applied. The government counters that Colson expressly waived his right to a hearing by moving for "summary judgment." *See* FED. R. CRIM. P. 32.1(c)(2)(A). We reject that construction of Colson's motion. The government twice missed deadlines for responding to the requested modifications, so Colson simply asked the court to enter his proposed—and unopposed—changes. He did not, however, invite the court to add several of its own modifications without giving him a chance to be heard. The government alternatively argues that a hearing was unnecessary because, it says, all of the modifications are "more precise" and favorable to Colson. *See* FED. R. CRIM. P. 32.1(c)(2)(B), (C). But we agree with Colson that several of the revised conditions are more restrictive than the originals and, thus, less favorable to him.

As an initial note, it is unclear from the district court's order whether the listed conditions are comprehensive or simply reflect those modified. The court may have eliminated several conditions, making the new order favorable to that extent. Our focus, though, is limited to the revisions Colson challenges in his brief. (We note that Colson sought changes to several conditions which he and the prosecutor had jointly proposed in their plea agreement. The government, by ignoring Colson's postjudgment challenge to the conditions of supervised release, has waived any argument that his motion constituted a breach of the plea agreement.)

First, Colson asked the district court to modify the condition that he "refrain from excessive use of alcohol" and not "purchase, possess, use, distribute, or administer any controlled substance" unless prescribed by a physician. Colson objected to this ban on "excessive use of alcohol" as unconstitutionally vague. *See United States v. Kappes*, 782 F.3d 828, 849 (7th Cir. 2015). The district court struck that language but then added "psychoactive substances" to the ban on nonprescription use of controlled substances. The government contends that this new condition clarifies the original condition by incorporating language proposed in *Kappes*, 782 F.3d at 853. But in fact the modification is more restrictive because it literally prohibits all use of psychoactive substances, including sleeping pills, certain herbal supplements, and other legal substances. On remand, the district court should consider our suggestion to use language prohibiting "*illegal* mood-altering substances." *See United States v. Cary*, 775 F.3d 919, 924 (7th Cir. 2015); *see also United States v. Hill*, 818 F.3d 342, 345 (7th Cir. 2016) ("[T]he more vague a condition is, the harder it is for the defendant to determine what restrictions it actually imposes and whether any of them are so onerous that he should object."). The judge's choice of wording, taken literally, would preclude Colson from even eating chocolate, and surely that was not the judge's intention.

Second, Colson asked the district court to add a scienter requirement to the condition prohibiting him from associating with "persons engaged in criminal activity" or "convicted of a felony." The court did so, *see Kappes*, 782 F.3d at 848–49, but also added another condition that, with limited exceptions, prohibits all "non-incidental communications" with anyone known to be "a registered sex offender or to have been convicted of a felony sex offense involving an adult or minor." The government contends that the original condition is broader because the verb "associate" is undefined and, unlike the court's added condition, the original does not make an exception for encountering felons during mental-health treatment or religious services. On those points, we agree with the government that the original condition is broader. *See Kappes*, 782 F.3d at 848–49. But the additional condition casts a wider net encompassing all registered sex offenders, even those without a felony conviction. And since this broader restriction is not favorable to Colson, he was entitled to a hearing before it could be imposed.

The third modification Colson requested was removing the ban on storing encrypted information, which is included in a condition governing the monitoring of his computer usage. The district court granted this request but then also deleted other language that Colson had successfully advocated at sentencing: "The monitoring of internet and email communications as a condition of supervision should not be applied

so as to impair or impede" Colson's future employment "in the computer technology industry, so long as any computer used by the defendant to access other computers or networks is subject to monitoring as otherwise provided." Colson contends that deleting the quoted language gives the probation office greater leeway to monitor his computer use and could hinder his ability to find productive work in information technology. The government dismisses Colson's concerns as speculative. But we held in *Kappes* that conditions must not "be worded in such a way as to endow probation officers with essentially unlimited discretion." 782 F.3d at 857 (quotation marks and citation omitted). The removal of this sentence eliminates a check on the authority of Colson's probation officer, so the condition as modified is less favorable to Colson. Again, Colson was entitled to a hearing before the modification was made.

Finally, the district court, on its own initiative, clarified the original condition limiting Colson's interaction with minors and then added three related conditions. The original condition prohibits Colson from having "any unsupervised contact with any minor child, unless the contact has been disclosed to and approved by the probation officer." The district court rewrote this condition to prohibit Colson from having "unsupervised meetings, non-incidental communications, activities, or visits with any minor, unless they have been disclosed to the probation officer and approved by the court." Colson apparently concedes that this rephrasing narrows the original language.

He argues, though, that the three conditions added by the district court are broader than the original. The first of these specifies that, absent court approval, Colson may "not be employed in any position or participate as a volunteer in any activity that involves unsupervised meetings, non-incidental communications, activities, or visits with minors." Although this condition is more precise in that it exempts incidental interactions with minors, *see United States v. Thompson*, 777 F.3d 368, 376 (7th Cir. 2015), it also requires specific approval from a *judge*—arguably more burdensome than obtaining approval informally from a probation officer with whom Colson will be in frequent contact. This change is not favorable to Colson.

The second addition provides that Colson "shall not remain at a place for the primary purpose of observing or contacting children under the age of 18." This condition, too, is less favorable than the original because observation is not a subset of contact. Whether warranted or not, barring Colson from being where he might even *look* at children widens the scope of his prohibited activities.

The third added condition is also more onerous. It prohibits Colson from "entering any place primarily frequented by children under the age of 18, including

parks, schools, playgrounds, and childcare facilities." This condition places a broad prohibition on entering any building or space where children typically are—a more expansive restriction than simply prohibiting activities involving *contact* with minors. Moreover, the condition imposes strict liability because it lacks a scienter requirement that Colson know or have reason to know that the space he is entering is one frequented by children. *See Kappes*, 782 F.3d at 849–50.

In short, the district court's response to Colson's unopposed motion was to modify the conditions of his supervised release to make them more, not less, restrictive. The court's modifications might well be reasonable, but Colson is entitled to a hearing before these or other unfavorable changes may be made. We thus VACATE the court's order and REMAND for the court to take a fresh look at Colson's motion. On remand the court also should take note of Colson's projected release date in 2021 and, in its discretion, may elect to deny his motion without prejudice or defer ruling until a date closer to the commencement of his term of supervised release. *See United States v. Williams*, 840 F.3d 865, 865 (7th Cir. 2016) (upholding district court's determination that motion to modify conditions of supervised release made 14 years before defendant's projected release was premature); *United States v. Siegel*, 753 F.3d 705, 716–17 (7th Cir. 2014) (noting that "best practices" include considering modifications on the "eve" of defendant's release).

VACATED and REMANDED.