NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 18, 2017[*]
Decided January 18, 2017

**Before**

WILLIAM J. BAUER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 16-3144

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District Court |
| *Plaintiff-Appellee*, | for the Western District of Wisconsin. |
| | |
| *v.* | No. 07-cr-163-bbc |
| | |
| JARRETT M. JAMES, | Barbara B. Crabb, |
| *Defendant-Appellant*. | *Judge*. |

## O R D E R

Jarrett James, who was convicted of two armed bank robberies and who will remain incarcerated until at least the year 2045, brought a motion in the district court under 18 U.S.C. § 3583(e)(2) seeking to modify his conditions of supervised release. The district court found no reason to reconsider James's conditions of supervision nearly three decades before his release. It therefore denied James's motion without prejudice to the filing of a later motion. James has appealed that denial, requesting that he be granted

---

[*] We have unanimously agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(c).

a full resentencing now to account for what he views as both procedural and substantive errors in his conditions of supervision. Because the procedural challenges are waived and the district court properly exercised discretion to decide the substantive challenges later, we affirm the district court's order.

James received a sentence of 504 months' incarceration after a jury found him guilty of two counts of armed bank robbery, 18 U.S.C. § 2113, and two counts of using a firearm during a crime of violence, *id*. § 924(c). On direct appeal we affirmed his conviction, rejecting evidentiary challenges. *United States v. James*, 571 F.3d 707 (7th Cir. 2009). James then brought a motion under 28 U.S.C. § 2255 to vacate his sentence, which the district court denied; we affirmed that denial as well. In neither proceeding did James challenge his conditions of supervised release.

Now, some 8 years after his conviction and more than 25 years before his expected release from prison, he has moved the district court under 18 U.S.C. § 3583(e)(2) to modify his conditions of supervised release. He has raised both procedural and substantive challenges to these conditions. He contends that the district court erred procedurally at his sentencing by not giving advance notice of the conditions of supervised release or orally pronouncing them at his sentencing hearing. *See United States v. Thompson*, 777 F.3d 368, 377–78 (7th Cir. 2015) (describing procedural rules for setting conditions of supervised release). And, he adds, the district court erred substantively by imposing conditions that improperly subject him to strict liability, are unconstitutionally vague, and are not tailored to his personal situation. *See United States v. Kappes*, 782 F.3d 828, 847–62 (7th Cir. 2015) (explaining that conditions of supervision should be tailored to defendant's "offense, personal history and characteristics," cannot be vague or overbroad, and should not impose strict liability). After treating the procedural challenges as waived, the district court denied the substantive attacks without prejudice, noting that James may closer to the time of his release bring another, similar motion.

On appeal James reasserts these arguments and raises new arguments relating to his restitution payments. All of James's contentions, old and new, fail. First, as the district court correctly noted, the procedural challenges are waived because James failed to raise them in his first appeal. *United States v. Neal*, 810 F.3d 512, 520 (7th Cir. 2016) ("[P]rocedural shortcomings must be raised at the first opportunity or not at all."). His challenges to the restitution award are also waived because he did not raise them in his first appeal, his § 2255 proceeding, or in the district court in his current motion. *See id*. at 521.

As for the remaining substantive challenges, by requiring him to "make all potential arguments at one time in the year or so before release," the district court made "a sound exercise of discretion." *United States v. Williams*, 840 F.3d 865, 865 (7th Cir. 2016). This decision is as much for James's benefit as it is for the court's. By waiting until his release date approaches, James can take full advantage of the then-current case law regarding conditions of supervised release. Furthermore the district court denied James's motion without prejudice, so he can freely renew his substantive challenges later. *See id.*; *United States v. Orlando*, 823 F.3d 1126, 1133 (7th Cir. 2016). But under § 3583 he may ask the district court to examine only his conditions of release; he may not receive a full resentencing. We have already affirmed his sentence of imprisonment both on direct appeal and in proceedings under 28 U.S.C. § 2255, so his term of imprisonment is final. The only part of James's sentence that the district court may address later under § 3583 is the legality of his conditions of supervised release. *See* 18 U.S.C. § 3583 (granting authority to modify only conditions of supervised release "at any time").

We have considered James's other arguments, and none has merit. The district court's decision denying the motion to modify conditions of supervised release is

AFFIRMED.