**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-6546**

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

      v.

DANIEL CHRISTOPHER JACKSON,

               Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg. Gina M. Groh, Chief District Judge. (3:12-cr-00012-GMG-RWT-1)

Submitted: August 21, 2017                  Decided: August 30, 2017

Before GREGORY, Chief Judge, WILKINSON, Circuit Judge, and HAMILTON, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

Daniel Christopher Jackson, Appellant Pro Se. Paul Thomas Camilletti, Assistant United States Attorney, Martinsburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Daniel Christopher Jackson pleaded guilty to possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) (2012), and the district court sentenced Jackson to 70 months of imprisonment, followed by 10 years of supervised release. Prior to his release from incarceration, Jackson filed a motion to modify the conditions of his supervised release, requesting that the court remove the condition prohibiting the excessive use of alcohol. The court denied Jackson's motion, but modified the condition to prohibit Jackson from possessing or consuming alcohol altogether, and Jackson appeals from the court's modification of this condition.

On appeal, Jackson argues that the district court erred in modifying the conditions of his supervised release without holding a hearing. We agree. A district court may modify, reduce, or enlarge the conditions of supervised release at any time prior to the expiration or termination of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure. 18 U.S.C. § 3583(e)(2) (2012). "Before modifying the conditions of probation or supervised release, [however,] the court must hold a hearing at which the person has the right to counsel and an opportunity to make a statement and present any information in mitigation." Fed. R. Crim. P. 32.1(c)(1). The court may dispense with a hearing prior to modifying the conditions of supervised release only if the defendant waives the hearing or the modification is favorable to the defendant and the government has received notice of the modification and did not object. Fed. R. Crim. P. 32.1(c)(2); *see also United States v. Conner*, 495 F. App'x 367, 369 (4th Cir. 2012) (Nos. 11-7589, 11-7601).

2

Here, the court failed to hold a hearing prior to modifying the terms of Jackson's supervised release. Jackson did not waive his right to a hearing and the modification was more restrictive and thus not favorable to Jackson. The court was therefore obligated to hold a hearing prior to modifying the conditions of Jackson's supervised release. *See Conner*, 495 F. App'x at 369; *see also United States v. Colson*, 675 F. App'x 624, 627-28 (7th Cir. 2017) (No. 16-2391) (where defendant asked for modification of, inter alia, standard condition related to alcohol and controlled substance consumption, the court erred in failing to hold a hearing prior to adding psychoactive substances to the ban on use of controlled substances).

Accordingly, we grant Jackson leave to proceed in forma pauperis, vacate the district court's order, and remand for further proceedings. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*