**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 7, 2019[*]
Decided January 8, 2019

**Before**

DIANE P. WOOD, *Chief Judge*

DIANE S. SYKES, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 18-2047

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
|     *Plaintiff-Appellee*, | Court for the Northern District of Illinois, |
| | Eastern Division. |
|     *v.* | |
| | No. 09 CR 365-3 |
| OLUSOLA AROJOJOYE, | |
|     *Defendant-Appellant*. | Ronald A. Guzmán, |
| | *Judge*. |

**O R D E R**

On his second trip to this court after his convictions for bank fraud and
aggravated identity theft, Olusola Arojojoye challenges the denial of his motions to
modify the conditions of his supervised release and to amend the amount of restitution

---

[*] We have agreed to decide this case without oral argument because the briefs
and record adequately present the facts and legal arguments, and oral argument would
not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

he must pay. Because the district judge appropriately exercised his discretion with respect to the first motion and lacked authority to grant the second, we affirm.

From January 2005 to May 2008, Arojojoye and seven co-defendants executed an identity theft and bank fraud scheme. This operation resulted in over one million dollars in losses to financial institutions and identity-theft victims. In 2011, Arojojoye pleaded guilty to one count of bank fraud, 18 U.S.C. § 1344, and to one count of aggravated identify theft, 18 U.S.C. § 1028A(a)(1).

At sentencing, the government sought to hold Arojojoye accountable for the actual losses resulting from his individual conduct and those attributable to his co-conspirators. A probation officer prepared a presentence investigation report, recommending a total loss amount of $1,028,818. Arojojoye contested this amount, arguing that the theft of $441,899 worth of checks by one of Arojojoye's co-conspirators—with the aid of fraudulent documents Arojojoye created—was not reasonably foreseeable to him. The judge disagreed and ordered Arojojoye to pay the $1,028,188 in restitution. Arojojoye was also sentenced to 109 months' imprisonment, along with five years' supervised release.

On direct appeal Arojojoye argued, among other things, that the district judge improperly calculated the loss amount attributed to him. *See United States v. Arojojoye*, 753 F.3d 729, 738–39 (7th Cir. 2014). Concluding that the judge did not clearly err in his calculations, we affirmed Arojojoye's conviction and sentence. *Id.* at 740. Arojojoye did not challenge the restitution amount or any of the conditions of his supervised release on direct appeal.

Several years after the resolution of his direct appeal, the still-imprisoned Arojojoye filed motions to modify the terms of his supervised release and to amend the amount of his restitution. The district judge dismissed the motion to amend the restitution amount, finding that he lacked "authority to entertain [the] motion," and denied the motion to modify the conditions of supervised release without prejudice as premature because Arojojoye's projected release date is not until March 28, 2020. The judge invited Arojojoye to refile the motion to modify the supervised-release conditions three months before his release date.

In this appeal, Arojojoye challenges the district court's disposition of these motions. We turn first to his arguments concerning the district court's denial of his motion to modify the conditions of his supervised release. A district judge is permitted to modify a condition of supervised release "at any time" before the termination of the period of supervised release. 18 U.S.C. § 3583(e)(2). But Arojojoye mistakenly believes that "because a judge *may* act at any time, the judge *must* act whenever requested to do

so." *United States v. Williams*, 840 F.3d 865 (7th Cir. 2016) (emphasis in original). The judge soundly exercised his discretion when he determined that Arojojoye's motion, filed more than two years before his anticipated release date, was premature and dismissed it without prejudice. *See id.*

Next, Arojojoye argues that his payment of restitution is a condition of his supervised release, and thus the district judge has the authority to amend the restitution amount pursuant to § 3583(e)(2). But although the judge may adjust the *schedule* of Arojojoye's payments, he has no authority to amend the total amount. *See* 18 U.S.C. § 3664(k) ("[T]he court may … adjust the payment schedule, or require immediate payment in full, as the interests of justice require."). The restitution order itself is part of Arojojoye's sentence. *United States v. Hook*, 471 F.3d 766, 771 n.1 (7th Cir. 2006). Any challenge to a sentence must be made on direct appeal. *United States v. Bania*, 787 F.3d 1168, 1171 (7th Cir. 2015). Arojojoye appealed his sentence without challenging the restitution order, so his time to do so has passed. *See id.* Arojojoye counters that—even though he challenged the loss amount attributable to him—he was not aware of the alleged error at the time of his direct appeal, but his oversight does not alter the district court's jurisdiction. *See id.* at 1172. Alternatively, he suggests that the district court had jurisdiction through 18 U.S.C. § 3664(o) and 18 U.S.C. § 3742. But section 3664(o) simply provides that a sentence imposing an order of restitution is a final judgment, and section 3742 allows for the direct appeal of a final sentence. Neither supports Arojojoye's position that the district court had jurisdiction to modify the amount of his restitution obligation. *See Bania*, 787 F.3d at 1172.

AFFIRMED