**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 1, 2019[*]
Decided November 4, 2019

### *Before*

AMY C. BARRETT, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 19-2217

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 3:14-CR-30151-NJR-1 |
| SCOTT A. KUEHN, *Defendant-Appellant*. | Nancy J. Rosenstengel, *Chief Judge*. |

**O R D E R**

Scott Kuehn, a federal inmate, appeals orders denying two motions to modify his terms of supervision. Kuehn is serving a 60-month sentence for possession and distribution of child pornography, to be followed by five years of supervised release. About two years before his scheduled release date, Kuehn moved under 18 U.S.C. § 3583(e)(2) to modify his conditions of supervision. Without addressing the merits of Kuehn's request, the district court denied the motion as premature and directed Kuehn to refile it closer to his planned release. A mere 19 days later, Kuehn filed a motion to

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

reconsider, which the court also denied as premature and gave renewed assurance that it would consider Kuehn's request if he filed it within three months of his release. The court also said that it would consider then whether to hold a hearing and appoint counsel. Kuehn's appeal of the first order is untimely, and the district court did not abuse its discretion in the second order, so we dismiss in part and affirm in part.

Kuehn appealed both orders, but only the second order is properly before us. The district court denied Kuehn's first motion on November 7, 2018, after which Kuehn had 14 days to file either a notice of appeal or a motion for reconsideration. FED. R. APP. P. 4(b)(1)(A); *United States v. Rollins*, 607 F.3d 500, 501 (7th Cir. 2010). Kuehn missed this deadline; he did not file his motion for reconsideration until 19 days later, five days too late. A motion filed after the time to appeal an order is "ineffectual" as a request to reconsider that order or an attempt to toll the time to appeal it. *United States v. Redd*, 630 F.3d 649, 650 (7th Cir. 2011). Kuehn's second motion could thus function only as an independent motion for relief under § 3583(e)(2). *See id.* Kuehn filed his notice of appeal within 14 days of the ruling on that second motion, so his appeal is timely with respect to that ruling. But as just mentioned, he missed the deadline for appealing the original order, and because the government seeks to enforce that deadline, we must do so. *See Rollins*, 607 F.3d at 501. We therefore limit our review to the district court's order denying Kuehn's second motion.

Kuehn contends that his second motion was not premature, observing that he filed it less than two years before his release date. He relies on *United States v. Williams*, 840 F.3d 865 (7th Cir. 2016), in which we said that we "would be reluctant to allow a judge to deem premature a request in the final year or two of imprisonment." Kuehn pulls this sentence out of context. We also wrote: "If the district judge had proposed to defer decision until [the defendant] was actually out of prison, we would be inclined to think that a mistake. [The defendant] is entitled to know, before he leaves prison, what terms and conditions govern his supervised release." *Id.* We concluded that "requiring the prisoner to make all potential arguments at one time *in the year or so* before release, is a sound exercise of discretion." *Id* (emphasis added). Thus, we afford judges wide discretion to set a time, within two years of release, to address these motions.

The district court properly exercised its discretion. Consistent with *Williams,* the court did not require that Kuehn wait until after release for a ruling. And it assured Kuehn, who gave no reason for seeking a speedier ruling, that if he made his request three months before his release, the court would evaluate the request then and decide whether a hearing with appointed counsel was necessary. This procedure, which will

allow the district court to apply the then-governing law, will ensure that Kuehn knows the terms of his release well before he leaves prison. We have endorsed similar procedures in the past. *See United States v. Siegel*, 753 F.3d 705, 716–17 (7th Cir. 2014) (calling it "best practice" for district courts to hold a hearing to consider modifying the conditions of supervision on "the eve" of release).

One final note: the government asks us to enlarge its victory in the district court by ruling on the merits that Kuehn's objections are barred under *United States v. Neal*, 810 F.3d 512, 514 (7th Cir. 2016). *Neal* holds that defendants may not use § 3583(e)(2) motions to bring objections based on procedural errors that could have been raised at sentencing. But the district court avoided deciding the effect of *Neal* on Kuehn's motion, and the government has not cross-appealed that decision. Like the district court, we therefore decline to enlarge the judgment, which was without prejudice, to one on the merits. *See Greenlaw v. United States*, 554 U.S. 237, 244 (2008).

AFFIRMED in part and DISMISSED in part