NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued November 13, 2019
Decided December 6, 2019

**Before**

WILLIAM J. BAUER, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 19-1548

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Indiana, Evansville Division. |
| *v.* | No. 3:11-cr-00048-RLY-CMM |
| KENNETH SCHMITT, *Defendant-Appellant*. | Richard L. Young, *Judge*. |

**O R D E R**

In December 2018, this panel granted a joint motion by Kenneth Schmitt and the government to vacate his sentence and remand for a second resentencing on his conviction for unlawful possession of a firearm. The parties agreed that the district court erred when it failed to recognize its discretion to adjust Schmitt's sentence to account for good-time credit he could have earned had his state sentence been served in federal prison. The district court imposed the same 99-month prison sentence on remand. In this appeal, Schmitt argues that the district court again failed to understand its discretion to adjust his sentence to account for the good-time credit. But we interpret

the judge's remarks at the sentencing hearing to mean that he recognized his discretion to reduce the sentence but declined to exercise it. Schmitt also contests a term of supervised release, but we are unpersuaded by his challenge. Therefore, we affirm the judgment.

## I.

In 2010, police officers recovered drugs from Schmitt's home. He was convicted on state drug charges and sentenced to two years' imprisonment; he served 11 months before being released on parole. Then in 2013, a federal jury found Schmitt guilty of being a felon in possession of a firearm under 18 U.S.C. § 922(g) because police recovered a rifle during the same 2010 search.

Before the federal sentencing hearing, a probation officer prepared a presentence investigation report and calculated a Guidelines range of 110 to 137 months' imprisonment. But because the statutory maximum was less than the Guidelines range, the range became 110 to 120 months' imprisonment. The district court adopted that range and sentenced Schmitt to 110 months' imprisonment, followed by three years of supervised release. Schmitt appealed, but this court affirmed his conviction and sentence. *United States v. Schmitt*, 770 F.3d 524 (7th Cir. 2014).

Schmitt filed a collateral attack under 28 U.S.C. § 2255 alleging ineffective assistance of counsel on several grounds, including that his attorney failed to argue that he should receive a reduction in his federal sentence based on time served in state prison. A federal court may reduce a federal sentence for time served on a state sentence if the state conviction arose from relevant conduct to the federal offense. U.S.S.G. §§ 5G1.3(b)(1), 5K2.23; *see* U.S.S.G. § 1B1.3(a) (defining relevant conduct). The district court vacated Schmitt's sentence and resentenced him in April 2018. After adopting the same Guidelines range, the district court subtracted 11 months from the original 110-month sentence to account for the time that Schmitt served in state prison, resulting in a 99-month sentence.

Schmitt objected, arguing that adjusting his sentence by only 11 months did not account for the federal good-time credit he would have received if he had served his time for the relevant conduct in federal prison. At the time of Schmitt's sentencing, federal inmates received 54 days of good-time credit for each year they spent incarcerated. 18 U.S.C. § 3624(b)(1). If Schmitt had been in federal prison, he could have served as little as 9 months, so he argued that the court should lower his federal

sentence by another two months to offset his inability to accumulate good time credit in state prison. The district court did not believe it could do this, so it overruled Schmitt's objection and resentenced him to 99 months' imprisonment followed by three years of supervised release.

Schmitt appealed, arguing that the district court erred by failing to acknowledge its discretion to lower his sentence to account for the federal good-time credit. Before the government filed its response brief, the parties jointly moved to vacate and remand for resentencing based on the district court's misunderstanding of its discretion. This panel granted the motion, vacated the sentence, and remanded the case for resentencing, so that the district court "may, if it chooses to do so, exercise its discretion to adjust the appellant's sentence to account for time served and the operation of federal good-time credits."

The district court resentenced Schmitt again in March 2019. Again, the district court adopted the Guidelines range of 110 to 120 months' imprisonment. And again, Schmitt argued that the district court could, by analogy to § 5K2.23, reduce his sentence by 13 months to account for the good-time credit he could have accumulated in federal prison. The district court once again reduced Schmitt's sentence by 11 months. The court explained that it "understands that it does have discretion here in considering 5K2.23 and credit for time previously served at the [Indiana] Department of Corrections and believes that 99 months is the appropriate sentence here."

The court also imposed a three-year term of supervised release. Schmitt objected to the condition that included "glue" in a list of examples of psychoactive substances that he was not allowed to possess. Schmitt argued that including glue in this list is overly broad because, as written, Schmitt could violate the terms of supervised release by possessing craft glue, like Elmer's brand. The court overruled the objection, stating: "I'm sure if he's using Elmer's glue for a legitimate purpose, the probation officer is not going to waste their time on that." It explained further that "if he's in an arts and crafts class using Elmer's glue or trying to put a plate . . . a broken plate together, all he has to do is let his probation officer know that."

## II.

On appeal, Schmitt argues that despite the clear language of this court's mandate, the district court once again failed to recognize the extent of its discretion to lower his sentence under U.S.S.G. § 5K2.23. Schmitt also argues that the condition of

supervised release restricting him from possessing psychoactive substances is overbroad and that he should be able to possess ordinary household goods, like glue, without first notifying his probation officer.

As a preliminary matter, we note that Schmitt's sentencing challenge is not moot even though he completed his 99-month prison sentence. This court has held that "[w]hen a former inmate still serving a term of supervised release challenges the length or computation of his sentence, his case is not moot so long as he could obtain 'any potential benefit' from a favorable decision." *Pope v. Perdue*, 889 F.3d 410, 414 (7th Cir. 2018) (quoting *United States v. Trotter*, 270 F.3d 1150, 1152 (7th Cir. 2001)). Schmitt could still receive a benefit from a decision in his favor because the district court could reduce or terminate his non-mandatory term of supervised release.

Schmitt argues that the district court failed to appreciate its discretion to account for the federal good-time credit he was prevented from earning during the 11 months that he served in state prison for relevant conduct. This court reviews claims of procedural errors at sentencing de novo. *United States v. Miller*, 900 F.3d 509, 512–13 (7th Cir. 2018). This court already remanded the case once so that the district court could, if it chose to, exercise its discretion to adjust Schmitt's sentence to account for the federal good-time credit he was unable to accumulate. And we are satisfied that the district court took note of that clear instruction and knew that under 18 U.S.C. § 3553(a), it could lower the sentence by more than 11 months. The district court stated that it "understands it does have discretion regarding 3553(a). The Court has examined the factors in 3553(a) and believes that 99 months is the appropriate sentence in this case."

True, the district court also made comments to the effect that only the Federal Bureau of Prisons can grant good-time credit and a district court "cannot." Schmitt believes that this means that the district court failed to appreciate its discretion, but the court's correct statement simply explains that any reduction in the sentence would be made pursuant to § 3553(a), and the amount of the reduction determined by analogy to § 5K2.23. Therefore, the district court did not procedurally err.

Schmitt also argues that the restriction on the possession of psychoactive substances, specifically including "glue" as an example, is overly broad. This court reviews conditions of supervised release that were contested at sentencing for abuse of discretion. *United States v. Bickart*, 825 F.3d 832, 839 (7th Cir. 2016). We conclude that including "glue" as an example of a psychoactive substance is permissible under 18 U.S.C. § 3583(d). Conditions of supervised release should be reasonably connected to

the current offense, avoid ambiguities, and be determined by a judge, rather than by a probation officer exercising discretion. *United States v. Thompson*, 777 F.3d 368, 379–80, 382 (7th Cir. 2015). The record shows that Schmitt has a long history of drug use and dealing and that he paid for the firearm he was convicted of possessing with methamphetamine. A condition restricting Schmitt from possessing psychoactive substances is reasonably connected to his current offense. *United States v. Kappes*, 782 F.3d, 828, 851 (7th Cir. 2015). And certain glues, specifically solvent glues made with toluene, are inhalants—intoxicating substances that carry a risk of overdose.[1] Therefore, the district court did not abuse its discretion when it included glue as an example of a banned psychoactive substance.

Schmitt further argues that the district court created confusion when it explained that Schmitt could possess Elmer's glue, which is a non-inhalant. But this statement is not inconsistent with the written condition. *See United States v. Baker*, 755 F.3d 515, 528 (7th Cir. 2014); *United States v. Fisher*, No. 18-2765, 2019 WL 6270733, at *10–12 (7th Cir. Nov. 25, 2019) (not all differences between oral and written sentences amount to inconsistencies). Rather, we read the district court's statement to clarify that any glue that is not a psychoactive substance, such as Elmer's glue, does not fall under the ban. The district court's remark does not bear on how the probation office will administer this condition of supervised release, which, as written, restricts possessing glue that is a psychoactive substance. But we also note that the district court may amend conditions of supervised release "at any time prior to the expiration of termination of the term of supervised release." 18 U.S.C. § 3583(e)(2); *see Fisher*, No. 18-2765, 2019 WL 6270733, at *12 (citing *United States v. Colson*, 675 F. App'x 624, 627–28 (7th Cir. 2017) (suggesting the district court consider banning illegal mood-alternating substances, rather than all psychoactive substances.))

AFFIRMED

---

[1] U.S. Dep't of Justice, Drug Enforcement Admin., Drugs of Abuse: A DEA Resource Guide (2017 ed.), at p. 80, available at https:/www.dea.gov/documents/2017/06/15/drugs-abuse (visited Dec. 3, 2019).