In the

# United States Court of Appeals

## For the Seventh Circuit

_____

No. 20-1376

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

JEREMY HOGENKAMP,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Western District of Wisconsin.
No. 11-cr-131-bbc — **Barbara B. Crabb**, *Judge.*

_____

SUBMITTED NOVEMBER 2, 2020 — DECIDED NOVEMBER 6, 2020

_____

Before EASTERBROOK, KANNE, and WOOD, *Circuit Judges.*

PER CURIAM. Jeremy Hogenkamp pleaded guilty to a federal crime and was sentenced to 10 years' imprisonment plus 25 years' supervised release. Fourteen months before the anticipated end of his custodial time (April 2021), he asked the district court to modify the terms of his supervised release. The judge denied this motion, deeming it premature, and invited Hogenkamp to "discuss the terms of his supervised release with his probation officer" later—"[a]t the time that

defendant is released"—and "ask the court for a modification of the terms … at that time."

To the extent that the judge believed it appropriate to defer consideration of Hogenkamp's motion until after his release, the decision is mistaken. A prisoner is "entitled to know, *before* he leaves prison, what terms and conditions govern his supervised release." *United States v. Williams*, 840 F.3d 865 (7th Cir. 2016) (emphasis added). See also *United States v. Siegel*, 753 F.3d 705, 716–17 (7th Cir. 2014). The terms of release govern matters including where a person may live, with whom he may associate, and what jobs he may hold. All of these (and other terms too) affect him on the day he walks out of prison. The need for pre-release knowledge of the rules is among the reasons why the terms are included in the judgment of conviction. People must be able to plan their lives.

Federal judges may alter the terms and conditions of supervised release at any time. 18 U.S.C. §3583(e)(2). To the extent that Hogenkamp believes that he is entitled to a judicial decision whenever he requests, he is mistaken. *Williams* holds that a judge may defer acting until the arguments pro and con, and the effects of the terms originally established, have become clearer. One sentence in *Williams* states that it is appropriate to make this assessment in the year or two before release, 840 F.3d at 865, but we did not compel a judge to rule immediately on every motion filed during those 24 months. A district judge has discretion to determine the apt time for decision—provided that a motion made a reasonable time in advance of release is resolved before supervised release begins. Similarly, the judge has discretion to decide

whether an evidentiary hearing is called for, or whether instead the motion can be resolved on the papers.

Despite the language in the district court's order suggesting that Hogenkamp wait until after his release to begin the process of seeking a change in the terms of his supervision, we treat the court's bottom line as an exercise of its authority to defer decision until a time closer to Hogenkamp's scheduled release. As that date is closing in, however, further delay in making a decision would be appropriate only if the court has some concrete reason to think that more or better information will be available in the next two or three months.

Hogenkamp wants us to instruct the judge to make the changes he proposes, but the district court must address any substantive issues in the first instance.

Rather than affirming and forcing Hogenkamp to start over in the district court, we think it appropriate to remand so that the district judge can exercise, without undue delay, the discretion she possesses and make a decision in advance of Hogenkamp's scheduled release. See 28 U.S.C. §2106.