In the

# United States Court of Appeals

## For the Seventh Circuit

No. 09-2293

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

JAMES E. ROLLINS, SR.,

*Defendant-Appellant*.

Appeal from the United States District Court
for the Southern District of Illinois.
No. 05-cr-30133-4-DRH—**David R. Herndon**, *Chief Judge*.

SUBMITTED MAY 26, 2010—DECIDED JUNE 9, 2010

Before EASTERBROOK, *Chief Judge*, and POSNER and WOOD, *Circuit Judges*.

EASTERBROOK, *Chief Judge*.    James Rollins is serving a term of 97 months' imprisonment for distributing cocaine. We affirmed his conviction in September 2008. *United States v. Rollins,* 544 F.3d 820 (7th Cir. 2008). Five months later, Rollins filed in the district court what he styled a motion for a new trial based on newly discovered evidence. Fed. R. Crim. P. 33. The district judge denied the motion after concluding that none of the facts

on which the motion rests is "newly discovered." 2009 U.S. Dist. LEXIS 31657 (S.D. Ill. Apr. 15, 2009). Rollins then asked the judge to reconsider, citing Fed. R. Civ. P. 59. The judge denied this motion, giving two reasons: first that Rule 59 does not apply to criminal cases, and second that none of the criminal rules authorizes reconsideration of any decision in a criminal proceeding. 2009 U.S. Dist. LEXIS 37338 (S.D. Ill. May 1, 2009).

Rollins's next submission was a notice of appeal, filed on May 8, 2009. The United States contends that we lack jurisdiction to consider this appeal, initiated more than 10 days after the district court's order of April 15. As the United States Attorney sees things, echoing the district judge's decision of May 1, Rollins's motion to reconsider was ineffectual and therefore did not extend the time to appeal from the decision denying the motion for a new trial. Rollins might as well have filed a copy of *Lorna Doone*; neither the novel nor the motion had any effect on anything, according to the prosecutor. (When Rollins took his appeal, Fed. R. App. P. 4(b)(1)(A) provided that appeals in criminal prosecutions must be filed within 10 days of the final decision. Because weekends and holidays were excluded, see Fed. R. App. P. 26, "10 days" usually meant 14 or 15 calendar days. On December 1, 2009, Rules 4 and 26 were amended so that all times are stated in calendar days and defendants have 14 days to appeal. This usually comes to the same thing without the old roundabout approach, but the former version of Rules 4 and 26 applies to this proceeding.)

Two things are wrong with the prosecutor's contention. First, although the time limit for a civil appeal is jurisdictional, see *Bowles v. Russell*, 551 U.S. 205 (2007), the time limit for a criminal appeal is not. See *United States v. Neff*, 598 F.3d 320 (7th Cir. 2010). The limit is mandatory, and we must enforce it when the appellee stands on its rights (as the United States has done), but it does not affect appellate jurisdiction. Second, a motion for reconsideration presenting a substantive challenge to the decision (as opposed to a motion seeking to correct a typographical or other formal error) makes a district judge's order non-final and postpones the time for appeal until entry of the order on that motion. The time limit for appeal begins anew when the district judge is really finished with the case. See *United States v. Ibarra*, 502 U.S. 1, 4 n.2 (1991) (a motion for reconsideration does not "toll" the time for appeal; rather, denial of such a motion makes the decision final and thus restarts the time).

If, as the district judge believed, there is no such thing as a motion for reconsideration in a criminal case, then the finality of the April 15 order was never suspended and the time did not restart on May 1. That would make Rollins's notice of appeal untimely. The district court quoted from a footnote in *United States v. Griffin*, 84 F.3d 820, 826 n.4 (7th Cir. 1996): "We are at a loss to understand any basis under federal law or rules of criminal procedure for what is typically described as a 'motion to reconsider' ... . ...There is no authority in the Federal Rules of Criminal Procedure for a 'motion for reconsideration.'"

The second sentence of *Griffin*'s statement is absolutely correct. None of the Rules of Criminal Procedure authorizes a generic motion to reconsider; the criminal rules lack a counterpart to the motions authorized by Fed. R. Civ. P. 50(b), 52(b), or 59, though they do authorize some post-trial motions, such as a motion for acquittal, Fed. R. Crim. P. 29, that have features in common with motions under the civil rules. See also Fed. R. App. P. 4(b)(3) (providing that a timely, and authorized, post-trial motion in a criminal case defers the time for appeal until the motion has been resolved). But the proposition that "the criminal rules do not mention motions to reconsider" differs from the proposition that "all motions to reconsider are ineffectual." Motions may exist as a matter of general practice. And that's what the Supreme Court has held. The Justices have concluded that motions to reconsider in criminal prosecutions are proper and will be treated just like motions in civil suits.

*United States v. Healy*, 376 U.S. 75 (1964), holds that motions to reconsider (in district courts) and petitions for rehearing (in courts of appeals) are ordinary elements of federal practice that exist in criminal prosecutions despite their omission from the Rules of Criminal Procedure. A district court dismissed an indictment, and the United States filed a motion to reconsider; when this motion was denied, the United States filed a notice of appeal. Healy argued (just as the United States has argued here) that the motion to reconsider was ineffectual because not founded on any of the criminal rules, and that the appeal was therefore untimely. But

the Justices disagreed, concluding that as a matter of common law a motion to reconsider is proper, and that such motions defer the time for appeal until the judge has resolved them. 376 U.S. at 77–80. The Court thought that silence in the criminal rules did not reflect a decision to *forbid* such motions, and that it would be beneficial to permit district judges to correct their oversights and errors. The Justices added that, when the motion to reconsider is filed within the time available for appeal, an appeal from the later order disposing of the motion could not be seen as "an attempt to rejuvenate an extinguished right to appeal.*" Id*. at 77. Thus the Court concluded: "in a criminal case a timely petition for rehearing . . . filed within the permissible time for appeal renders the judgment not final for purposes of appeal until the court disposes of the petition". *Id*. at 77–78.

Twelve years later a court of appeals attempted to confine *Healy* to motions based on legal propositions. Contentions about the facts of the case could not be the basis of a motion to reconsider, it held. The Justices summarily reversed, reiterating *Healy* and concluding that its approach is general. *United States v. Dieter*, 429 U.S. 6 (1976). The Court remarked "the wisdom of giving district courts the opportunity promptly to correct their own alleged errors" and added that "[t]hese considerations fully apply whether the issue presented on appeal is termed one of fact or of law". *Id*. at 8. And to the court of appeals' observation that none of the criminal rules authorizes motions to reconsider, the Court had this riposte:

> The Court of Appeals' concern with the lack of a statute or rule expressly authorizing treatment of a post-dismissal motion as suspending the [time for appeal] ignores our having grounded our decision in *Healy*, not on any express authorization (which was similarly lacking in *Healy*), but rather on "traditional and virtually unquestioned practice." 376 U.S. at 79.

429 U.S. at 8 n.3.

Fifteen years after *Dieter*, a court of appeals again attempted to limit *Healy*. This time the court said that only well-founded motions to reconsider are authorized, and that a motion that proposes to revive an argument forfeited at an earlier stage of the proceedings therefore does not affect the time for appeal. Once again the Justices reversed summarily. The Court summed up *Healy* and *Dieter*:

> The first of these decisions established that a motion for rehearing in a criminal case, like a motion for rehearing in a civil case, renders an otherwise final decision of a district court not final until it decides the petition for rehearing. In *Dieter*, we rejected an effort to carve out exceptions to this general rule in the case of petitions for rehearing which do not assert an alleged error of law. We think that the Court of Appeals' present effort to carve out a different exception to the general rule laid down in *Healy* must likewise be rejected.

It may be that motions to reconsider based on previously abandoned grounds are not apt to fare well either in the district court or on appeal to the court of appeals. But if such a judgment as to the merits were allowed to play a part in deciding the time in which a denial of the motion may be appealed, it is difficult to see why a similar merits analysis should not be undertaken for all motions for reconsideration.

*Ibarra*, 502 U.S. at 6.

When relying on the *dicta* in *Griffin* for the proposition that there is no such thing as a motion to reconsider in a criminal case, the district judge did not mention *Healy*, *Dieter*, or *Ibarra*. Nor does the appellate brief for the United States—the litigant that persuaded the Supreme Court in each of these cases that motions to reconsider *are* proper, and *do* suspend the time for appeal until they have been resolved. *Healy*, *Dieter*, and *Ibarra* cannot be understood as for the benefit of prosecutors only; they rest on "traditional and virtually unquestioned practice," which does not recognize such a distinction. And the Justices took the precaution of saying exactly that in *Healy*: "no difference in treatment is intended between appealable judgments and those reviewable by certiorari, or between criminal defendants and the United States." 376 U.S. at 79.

The *dicta* in *Griffin* mean no more than that motions to reconsider are not covered, one way or the other, by the Federal Rules of Criminal Procedure. We are not authorized to overrule the Supreme Court and did not purport

to do so. Nor did the panel in *Griffin* question decisions in this circuit and elsewhere that have followed and applied *Healy*, *Dieter*, and *Ibarra*. See *United States v. Henderson*, 536 F.3d 776, 778–79 (7th Cir. 2008); *United States v. Kalinowski*, 890 F.2d 878, 880–82 (7th Cir. 1989); *United States v. Gargano*, 826 F.2d 610, 611–12 (7th Cir. 1987). Accord, *United States v. Phillips*, 597 F.3d 1190, 1199–1200 (11th Cir. 2010); *United States v. Aguirre*, 214 F.3d 1122, 1124 (9th Cir. 2000).

Rollins filed his motion to reconsider within the time available for appeal and sought a substantive modification of the judgment. The motion therefore suspended the finality of the district court's order. That Rollins cited Civil Rule 59 is harmless; *Healy* and the common law supply all the authority needed. Rollins filed an appeal within 10 (countable) days of the district court's order denying his motion for reconsideration, so his appeal is timely with respect to both the decision of April 15 and the order of May 1, and we proceed to the merits of the district court's order of April 15 denying Rollins's motion for relief under Rule 33.

As we mentioned earlier, the district court denied the motion because none of the evidence on which Rollins relies is "newly discovered." The judge did not ask an antecedent question: whether Rule 33 applies. It does not. Rule 33 deals with contentions that evidence discovered after trial shows that the accused is innocent. The recantation of an important witness fits this description; new DNA analysis or other scientific evidence also would come within Rule 33. But Rollins did not advance an

argument of this kind. Instead he asserted that the indict-ment had been procured irregularly, that the prosecutor withheld some information during discovery, that argu-ments presented to the jury reflected racial bias, and that his attorney furnished ineffective assistance. These are standard contentions under 28 U.S.C. §2255. We held in *United States v. Evans*, 224 F.3d 670 (7th Cir. 2000), that a post-trial motion making arguments within the scope of §2255(a) is a motion under that statute, even if it bears the caption "Fed. R. Crim. P. 33." See also, e.g., *Melton v. United States*, 359 F.3d 855 (7th Cir. 2004).

The district court should have treated Rollins's motion as a petition under §2255 and asked him whether he wished to proceed on that basis, or to have the motion dismissed. See *Castro v. United States*, 540 U.S. 375 (2003). (*Castro* entitles prisoners to make this election because one "real" §2255 motion forecloses another, unless the criteria of 28 U.S.C. §2244 and §2255(h) are satisfied. Uncounseled defendants who think that they are filing some other kind of motion should not lose the oppor-tunity to file one §2255 motion containing all of their contentions, so the judge must warn them when a paper bearing a different caption counts as one under §2255.) Rollins filed his motion within a year of our affirmance, so it is timely, §2255(f)(1), and he has not filed any other collateral attack on his conviction or sentence. Because an initial motion under §2255 does not depend on evidence being "newly discovered," the district court should have addressed Rollins's arguments on the merits (at least, should do so if Rollins consents under *Castro* to this recharacterization).

The judgment is vacated, and the case is remanded for proceedings consistent with this opinion.