**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted March 11, 2013[*]
Decided April 10, 2013

### Before

FRANK H. EASTERBROOK, *Chief Judge*

WILLIAM J. BAUER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

| | |
|---|---|
| No. 12-3775 | Appeal from the United States District Court for the Northern District of Indiana, Hammond Division. |
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | |
| *v.* | |
| BENJAMIN JOHNSON, *Defendant-Appellant*. | No. 2:01 CR 98 James T. Moody, *Judge*. |

### Order

Ever since his conviction for crack-cocaine offenses, Benjamin Johnson has been seeking a lower sentence.

Last July we rejected his contention that the retroactive amendment to the Sentencing Guidelines implementing the Fair Sentencing Act of 2010 authorized the district court to cut his sentence. Johnson lost because anyone who distributed more than 8.4 kilograms of cocaine remains in the highest offense

---

[*] This successive appeal has been submitted to the original panel under Operating Procedure 6(b). After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f)

level and does not benefit from the changes. *United States v. Johnson*, No. 12-1617 (7th Cir. July 9, 2012) (nonprecedential disposition).

The district judge then took up Johnson's "motion to supplement" his original motion for a reduction, and denied this too. Johnson's motion had been filed only two days after the district court's original decision and therefore suspended its finality. *United States v. Rollins*, 607 F.3d 500 (7th Cir. 2010). This means that appeal No. 12-1617 should have been dismissed for lack of jurisdiction, because the district court's decision was not final—something no one pointed out in appeal No. 12-1617. But the current appeal is unquestionably from a final decision.

The current appeal fails for the same substantive reason as No. 12-1617, which we incorporate without repeating what we said there. Johnson believes that a motion under a retroactive Guideline requires the district judge to perform what amounts to a complete resentencing, recalculating from scratch the amount of cocaine for which he is responsible. We held otherwise last July, pointing out that *Dillon v. United States*, 130 S. Ct. 2683 (2010), had rejected an argument that a motion under 18 U.S.C. §3582(c)(2) permits a district judge to reexamine findings made in the original sentencing. More recently, we have reiterated that, in acting on a motion under a retroactive Guideline, the district court must apply all of the calculations made at the time of the original sentence and change *only* the Guideline tables that were reduced retroactively. *United States v. Wren*, 706 F.3d 861 (7th Cir. 2013). Given *Dillon* and *Wren*, the district court's decision must be

AFFIRMED.