NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 26, 2013[*]
Decided June 26, 2013

**Before**

RICHARD A. POSNER, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 12-3848

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>     *Plaintiff-Appellee,* <br><br> *v.* <br><br> ANTONYO STEPHENS, <br>     *Defendant-Appellant.* | Appeal from the United States District Court for the Northern District of Indiana, Fort Wayne Division. <br><br> No. 1:07cr28-001 <br><br> William C. Lee, <br> *Judge.* |

**O R D E R**

Antonyo Stephens moved under 18 U.S.C. § 3582(c)(2) to reduce his sentence based on Amendment 750 to the Sentencing Guidelines. The district court denied the motion, ruling that Stephens was ineligible for a reduced sentence because his plea agreement specified a 144-month prison term that was not based on a guidelines section later amended by the Fair Sentencing Act. *See* FED. R. CRIM. P. 11(c)(1)(C). Stephens appealed, but we

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

dismissed the appeal as untimely. Eight months later he filed another § 3582(c)(2) motion based on Amendment 750, in which he argued that the district court misunderstood the legal basis for his first motion and misinterpreted the applicable law. The district court construed his second motion as one for reconsideration and denied it, ruling that § 3582(c)(2) did not permit Stephens to file successive motions based on the same guidelines amendment.

On appeal Stephens glosses over the district court's rationale regarding successive motions under § 3582(c)(2) and instead challenges the court's earlier denial of a sentence reduction; in his view, his plea agreement used a later-amended guidelines range as a baseline for its specified 144-month sentence. But the court correctly ruled that once it resolves a motion under § 3582(c)(2), the defendant may not use a successive motion to make a different or better argument—or, here, to get a second crack at an appeal. *See United States v. Redd*, 630 F.3d 649, 651 (7th Cir. 2011). Stephens had a full opportunity—in his first motion—to contend that his plea agreement tied his prison term to a particular guidelines range. He cannot revive that opportunity by filing another, functionally identical motion.[1]

AFFIRMED.

---

[1]We add that Stephens's motion was filed too late to be treated as a motion for reconsideration, because the time to appeal the denial of the first motion had already expired. *See United States v. Rollins*, 607 F.3d 500, 502–03 (7th Cir. 2010).