**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 20, 2019[*]
Decided June 20, 2019

**Before**

MICHAEL S. KANNE, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

No. 18-3321

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 3:13-cr-30093-DRH-1 |
| DANIEL C. SHAW, *Defendant-Appellant*. | David R. Herndon, *Judge*. |

**O R D E R**

Daniel Shaw challenges the district court's denial of his motion under 18 U.S.C. § 3583(e) to modify six conditions of his upcoming supervised release. Because Shaw waived his right to challenge conditions of supervised release, we affirm.

Shaw pleaded guilty to possession and transportation of child pornography. *See* 18 U.S.C. § 2252(a). Seven months later, he entered into a written agreement with the

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

government in which he waived his right "to contest any aspect of his conviction and sentence that could be contested under Title 18 or Title 28" in exchange for the government's recommending a below-Guidelines sentence. The government did make such a recommendation, which the district court accepted in sentencing Shaw to six years' incarceration and ten years' supervised release.

Fifteen months before his scheduled release date, Shaw moved the district court to modify six conditions of his supervision, among them conditions that specified the level of discretion permitted to his probation officer and the nature of restrictions placed on his communications.

The government moved to dismiss Shaw's motion based on the waiver in his written agreement. On September 17, 2018, the district court denied the motion, concluding—without engaging the government's waiver argument—that the plain language of 18 U.S.C. § 3583(e)(2) permits a court to modify conditions of supervised release "at any time."

The court then proceeded to deny all six of Shaw's proposed modifications:

1. Regarding the condition requiring Shaw to attend sex-offender treatment if deemed necessary based on an assessment, the court disagreed with Shaw that it had orally revoked the condition.

2. Regarding the condition requiring Shaw to apply any surplus financial gains toward court-ordered financial obligations, the court rejected Shaw's argument that the condition was overbroad and assured Shaw that his overall finances would be factored into any payment he faced.

3. Regarding the condition that prohibited Shaw from owning a cell phone capable of taking photos or videos, the court rebuffed another overbreadth challenge and concluded that the condition related "critical[ly]" to Shaw's offense and did not preclude him from owning a cell phone that did not take photos.

4. Regarding the condition that banned Shaw from contacting female minors on "social media sites, internet chat rooms, and internet forums," the court determined that the restriction was necessary to deter Shaw from re-offending, even though it lacked a scienter requirement.

5.  Regarding the requirement of post-treatment polygraph testing, the court rejected Shaw's request to remove it, noting that polygraphs are routinely used in sex-offender treatments and would be reasonable "from time to time" to assess whether Shaw had reoffended.

6.  Regarding Shaw's challenge to the condition that subjects third parties (like roommates) to searches of their property within his residence, the court concluded that this condition would protect the public and deter Shaw from re-offending.

Shaw filed a motion for reconsideration (mailed on September 28 and docketed on October 5), arguing that the district court had misunderstood his motion and misapplied precedent. On October 16, the district court denied that motion. The court concluded that Shaw's conditions of supervision were "modifiable for good reason," but that he had waived any challenges to them by not objecting at sentencing.

Shaw filed a notice of appeal on October 29, forty-two days after the district court's September 17 denial of his motion to modify the conditions of his supervision. We issued an interim order, directing the parties to address whether Shaw's appeal was timely as to the September 17 order. *See United States v. Townsend*, 762 F.3d 641, 644 (7th Cir. 2014) (filing motion to reconsider sentence does not affect time limit for filing notice of appeal).

The question has been briefed, and we now are satisfied that Shaw's notice of appeal was timely filed. As the government explains, the rule in *Townsend* does not extend to motions to modify conditions of supervised release; instead, the common-law rule for motions to reconsider applies. *United States v. Rollins*, 607 F.3d 500, 502–04 (7th Cir. 2010). A common-law motion for reconsideration, if filed within the time given for noticing an appeal, renders the court's initial judgment nonfinal. *Townsend*, 762 F.3d at 645. Shaw filed his motion to reconsider on September 28 (within fourteen days of the court's September 17 order), and the court's denial order on October 16 restarted the fourteen-day clock for appeal. *See Rollins*, 607 F.3d at 502.

In his appellate brief, Shaw continues to challenge the conditions of supervised release, but the government reasserts that he waived his right to seek any modifications when he knowingly and voluntarily entered into an agreement that waived his right to "contest any aspect of his … sentence that could be contested under Title 18 or Title 28."

The government is correct that Shaw waived his right to challenge his conditions of supervision. We have not addressed the interpretation and enforcement of sentencing agreements like the one here, but they resemble plea agreements, and our cases regarding the waiver of appeal rights in plea agreements are instructive. *See United States v. Cheney*, 571 F.3d 764, 766 (8th Cir. 2009); *United States v. Ross*, 245 F.3d 577, 582 (6th Cir. 2001); *United States v. Bradstreet,* 207 F.3d 76, 80 n.2 (1st Cir. 2000). We generally enforce contractual waivers so long as the agreement was knowing and voluntary. *See United States v. Campbell*, 813 F.3d 1016, 1018 (7th Cir. 2016). We are satisfied that Shaw's waiver was knowing and voluntary. Shaw does not argue on appeal that the waiver is invalid, and the record supports its validity. The waiver appeared in his written agreement with the government, and Shaw acknowledged that he had read the agreement, discussed it with his attorney, and understood it. Further, at his sentencing hearing, Shaw told the district court that he understood the appeal waiver. We presume that these statements were truthful. *See United States v. Moody*, 770 F.3d 577, 581 (7th Cir. 2014). Therefore, we enforce Shaw's waiver of his right to challenge his conditions of supervised release and decline to address the merits of his arguments.

AFFIRMED