**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

Submitted August 19, 2019[*]
Decided August 20, 2019

### Before

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

| | |
|---|---|
| No. 18-3442 | Appeal from the United States District Court for the Southern District of Illinois. |
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | |
| *v.* | No. 3:12-cr-30247-NRJ-1 Nancy J. Rosenstengel, *Chief Judge.* |
| BEN SCOTT, JR., *Defendant-Appellant.* | |

### Order

Ben Scott, Jr., pleaded guilty in federal court to drug offenses and was sentenced to 120 months' imprisonment. One month later, a state court sentenced Scott to eight years' imprisonment for a drug offense. The state judge ordered the state sentence to

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

run concurrently with the federal sentence; the federal judge, by contrast, had not said anything about that issue.

After completing his state sentence, Scott was transferred to federal custody. There he learned that the Bureau of Prisons did not consider the federal sentence to have been running while he was in state custody. Scott then wrote a letter to the federal sentencing court, asking a judge to "assist [him] in resolving this matter." A federal judge treated the letter as a "miscellaneous matter" in a long-closed criminal case and told Scott that she had no jurisdiction to take any further action. Scott sought reconsideration, stating that the letter had been a request for help rather than a motion of any kind—but, he added, if the court needed to treat the letter as a motion, it should treat it as a petition for a writ of habeas corpus under 28 U.S.C. §2241. Without discussing the ways in which a federal prisoner can protest the calculation of the time remaining on his sentence, the judge repeated her statement that she lacked jurisdiction. Scott then appealed.

A motions panel of this court informed Scott that the appeal presented for review only the district court's order denying the motion for reconsideration. That was a misstep, which the merits panel is entailed to correct. Because Scott sought reconsideration within the time allowed for an appeal, his request suspended the finality of the district court's decision. See *United States v. Rollins*, 607 F.3d 500 (7th Cir. 2010). This means that an appeal from the order denying reconsideration brings up the entire case. (There is an exception when the Sentencing Reform Act of 1984 forecloses any possibility of reconsideration, see *United States v. Townsend*, 762 F.3d 641, 646 (7th Cir. 2014), but that exception does not apply to a post-judgment motion concerning how time in state custody is credited against a federal sentence.) Our review accordingly is plenary.

Scott's problem is not that judicial authority has expired, as the district judge stated, but that he applied to the wrong court. A petition for a writ of habeas corpus is the right way to contest the Bureau of Prisons's calculation of the time remaining on a federal sentence. See *Setser v. United States*, 566 U.S. 231, 244 (2012) (adding that a prisoner first may need to use the Bureau's Administrative Remedies Program, 28 C.F.R. §542.10 et seq.). But a petition under §2241 must name the prisoner's custodian as respondent and must be filed in the district of custody. *Rumsfeld v. Padilla*, 542 U.S. 426 (2004). For Scott that is the Southern District of Mississippi, because he is confined at FCI Yazoo City. And the right respondent is Marcus Martin, the Warden. Petitions under §2241 are not subject to a time limit, so Scott still can seek relief. Because the district judge believed that she lacked jurisdiction, any statements she made about the concurrent-versus-consecutive issue lack preclusive effect. See *Bobby v. Bies*, 556 U.S. 825, 835 (2009). As far as we can see, the federal judge who sentenced Scott in 2013 (a judge who has since re-

tired) did not decide whether the federal time would run consecutively to any state sentence, notwithstanding any decision by the state judge.

The district court's judgment is affirmed, albeit for reasons that differ from the district judge's. Scott should file an appropriate request under the Administrative Remedies Program and, if that fails, is free to seek relief under §2241 in the United States District Court for the Southern District of Mississippi.