**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted March 13, 2020[*]
Decided June 23, 2020

### Before

FRANK H. EASTERBROOK, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

| | |
|---|---|
| No. 19-3012 <br><br> UNITED STATES OF AMERICA, <br>     *Plaintiff-Appellee,* <br><br>     *v.* <br><br> TONY C. RUTHERFORD, <br>     *Defendant-Appellant.* | Appeal from the United States District Court for the Central District of Illinois. <br><br> No. 07-cr-20016-JES-DGB <br> James E. Shadid, *Judge.* |

### Order

In 2008 Tony Rutherford pleaded guilty to several drug crimes and was sentenced to a total of 300 months' imprisonment. In 2018 he asked the judge to reduce his sentence under the §404(b) of the First Step Act of 2018, Pub. L. 115-391, which permits a court to proceed as if sections 2 or 3 of the Fair Sentencing Act of 2010 had been in effect at the time of the original sentencing. Section 404(c) of the 2018 Act adds that a reduction is

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

never mandatory. ("Nothing in this section shall be construed to require a court to re-duce any sentence pursuant to this section.") One of Rutherford's 2008 convictions carried a statutory minimum sentence that had been reduced by the 2010 Act, and he asked the judge for the benefit of that reduction.

This was not Rutherford's first request for a lower sentence. In 2015 he invoked Amendment 782 to the Sentencing Guidelines, which lowered the base offense level for many drug offenses. The district court cut Rutherford's time to 240 months but was unable to go below the 20-year minimum for one crack-cocaine conviction. This is the sentence that Rutherford asked the judge to reduce in 2018. But the judge said no, observing that the original 300-month total was within the range agreed by the parties in the 2008 plea bargain and that Rutherford has already received the benefit of one reduction via a Guideline that implemented the 2010 Act. Applying the factors under 18 U.S.C. §3553(a), the judge concluded that 240 months remains the appropriate sentence.

On the day his notice of appeal was due (after an extension of time), Rutherford asked the judge to reconsider the order denying his motion. The court denied that motion, and Rutherford filed a notice of appeal within 14 days. But the United States asks us to dismiss that appeal as untimely. Relying on *United States v. Townsend*, 762 F.3d 641 (7th Cir. 2014), the prosecutor maintains that motions to reconsider in criminal cases—at least, motions to reconsider sentences—are ineffectual and do not extend the time for appeal under Fed. R. App. P. 4(b).

It is right to say that the Rules of Criminal Procedure lack any parallel to the omnibus motions to reconsider authorized by Fed. R. Civ. P. 59. Still, the Supreme Court has held repeatedly that motions to reconsider in criminal cases extend the time for appeal. See, e.g., *United States v. Healy*, 376 U.S. 75 (1964); *United States v. Dieter*, 429 U.S. 6 (1976); *United States v. Ibarra*, 502 U.S. 1 (1991). We recapped the effects of those cases in *United States v. Rollins*, 607 F.3d 500 (7th Cir. 2010), concluding that they stand for a rule that all motions to reconsider appealable orders in criminal cases extend the time for appeal until they have been resolved by the district court.

*Townsend* did not purport to overrule *Rollins*, and of course a court of appeals cannot depart from the Supreme Court's decisions in *Healy*, *Dieter*, or *Ibarra*. *Townsend* addresses a specific issue: Whether there is a general opportunity to reconsider a criminal sentence within two weeks of its imposition. Our opinion in *Townsend* observes that sentence modification during this window falls within Fed. R. Crim. P. 35(a), no matter its caption. And Appellate Rule 4(b)(5) tells us that a motion or request under Criminal Rule 35 does *not* affect the time for appeal. A specific rule of procedure, adopted under

the Rules Enabling Act, supersedes common-law doctrines of the kind reflected in *Healy*, *Dieter*, *Ibarra*, and *Rollins*.

A motion under the First Step Act of 2018 is not governed by Criminal Rule 35. It follows that Appellate Rule 4(b)(5) does not come into play. But there is one further potential problem. Section 404(c) of the First Step Act forbids a successive motion, "if a previous motion made under this section to reduce the sentence was … denied after a complete review of the motion on the merits." If a motion to reconsider is treated as a forbidden successive motion, then it falls outside the norm of *Healy* and successors just as motions governed by Rule 35 do. The United States contends that a motion to reconsider should be treated as a successive motion for a lower sentence.

The ban on successive motions under the First Step Act is parallel to the limit on successive motions for collateral review under 28 U.S.C. §2255. Some courts of appeals held that a motion for reconsideration in a §2255 proceeding is in effect a new collateral attack, and that such a motion therefore does not extend the time for appeal in the first collateral attack. But *Banister v. Davis*, No. 18–6943 (U.S. June 1, 2020), rejects that characterization and holds that a motion for reconsideration is just an ordinary filing designed to lead to the proper outcome in the original collateral proceeding. The Justices characterized the motion as "a limited continuation of the original proceeding—indeed, a part of producing the final judgment granting or denying habeas relief." Slip op. 15. The United States filed an *amicus* brief in *Banister* making, about §2255, almost exactly the argument it advances here about §404(c). The Supreme Court's rationale for rejecting the second-or-successive characterization of a motion to reconsider in *Banister* means that we should reject the second-or-successive characterization here.

Section 404(c) says that the prisoner must be satisfied with one "complete review of the motion on the merits." Under the reasoning of *Banister*, a motion for reconsideration is *part* of that "complete review … on the merits" rather than a second or successive motion. And from this it follows, as *Banister* also holds, that the motion suspends the finality of the decision until the district court has acted.

It may be, as the United States contends, that Rutherford's motion to reconsider was doomed to failure, but the effect of a motion on appellate jurisdiction does not depend on its strength. Even a frivolous motion to reconsider, filed while the time for appeal is running, postpones the judgment's finality until the district judge has acted.

Thus we have jurisdiction, but this is as far as Rutherford gets, because the district court did not abuse its discretion when leaving his sentence at 240 months.

Rutherford contends that the district judge erred by giving weight to the prosecutor's arguments that he had planned to escape from prison and that he should be penalized for violating his agreement (part of the plea bargain) not to appeal his conviction or sentence. Yet the district judge did not deny his motion on either basis. Instead the judge concluded that the evidence of Rutherford's conduct (and perhaps rehabilitation) in prison did not justify benefits beyond the 60-month reduction he received in 2015. The judge reconsidered the §3553(a) factors. Appellate review is deferential. Rutherford's disagreement with the result does not show that the judge's decision was unreasonable.

AFFIRMED

BARRETT, *Circuit Judge*, dissenting. In my view, Rutherford's notice of appeal was effective to bring up review of only one of the district court's two decisions: its denial of Rutherford's motion to reconsider, *not* its decision on the merits of Rutherford's motion to modify his sentence.

Under the Sentencing Reform Act, a district court is only authorized to "modify a term of imprisonment once it has been imposed" in three limited circumstances. Just one is relevant here: "the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." 18 U.S.C. § 3582(c)(1)(B). The First Step Act expressly permitted Rutherford to move for a reduced sentence and permitted the court to modify his sentence in response.

As the panel explains, the district court granted that motion in part. And Rutherford, dissatisfied with the district court's decision, moved for reconsideration of the new sentence. The majority concludes that Rutherford's motion for reconsideration qualified as a common-law motion that extended the time that Rutherford had to appeal his sentence. That would mean that his notice of appeal was timely filed for purposes of both the underlying resentencing decision *and* the district court's refusal to reconsider the sentence. I see things differently.

To decide whether the motion for reconsideration extended the time to file a notice of appeal, we have to determine what authorized Rutherford to make that motion. In *United States v. Townsend*, we held that the Sentencing Reform Act abrogated district courts' common-law authority to entertain motions to reconsider their sentencing decisions. 762 F.3d 641, 646 (7th Cir. 2014). So common-law authority cannot support Rutherford's motion for reconsideration. Under *Townsend*'s interpretation of § 3582(c)(1)(B), Rutherford could only move for reconsideration of his sentence if a statute or Rule 35 allowed it.

The First Step Act expressly authorizes a district court to modify a sentence in keeping with the Act's removal of enhanced sentencing for some prior drug convictions. But it does not expressly authorize a motion for reconsideration of the modified sentence.[1] Thus, Rutherford could seek

_____

[1] The government argues that § 404(c) of the Act affirmatively precludes such a motion by providing that "[n]o court shall entertain a motion made under this section to reduce a sentence … if a previous motion made under this section to reduce the sentence

reconsideration only through Rule 35—and a Rule 35 motion doesn't extend the time to take an appeal. FED. R. APP. P. 4(b)(5). Because Rutherford's Rule 35 motion didn't stop the clock, the deadline for appealing the sentence expired before Rutherford filed his notice of appeal. Since Rutherford's notice of appeal was untimely as to the underlying resentencing decision, we lack the authority to review the resentencing itself.

The majority disagrees because it doesn't think that Rutherford was limited to Rule 35. Relying on *United States v. Ibarra*, 502 U.S. 1 (1991), and *United States v. Rollins*, 607 F.3d 500 (7th Cir. 2010), it characterizes Rutherford's motion for reconsideration as a common-law motion that tolled the time for appeal. But *Townsend* distinguishes *Ibarra* and *Rollins* on the ground that those cases allowed common-law reconsideration motions on issues related to convictions rather than sentences. 762 F.3d at 646. *Townsend* squarely holds that sentencing is different—in that context, the Sentencing Reform Act overrides the common-law power that district courts otherwise possess. This is a sentencing case, so *Townsend*, not *Ibarra* or *Rollins*, controls.

While we cannot review the court's resentencing decision, we do have authority to review its refusal to reconsider that decision—Rutherford's appeal of the latter decision was timely. This is cold comfort for Rutherford, though, because the appeal fails on the merits. Rule 35(a) allows a defendant to seek correction of only "arithmetical, technical, or other clear error," and Rutherford instead repeated the same arguments from his initial motion.

In sum, I think the majority is wrong to assume the authority to review Rutherford's sentence. This is a nonprecedential decision, though, so the error is not set in stone. In a future case, we should correct it.

---

was, after the date of enactment of this Act, denied after a complete review of the motion on the merits." First Step Act of 2018, Pub. L. No. 115-391, § 404(c), 132 Stat. 5194, 5222 (codified at 21 U.S.C. § 841 note). I agree with the majority that § 404(c) is analogous to the prohibition on "second or successive" motions in habeas litigation, which means that it does not bar a motion to reconsider a sentence just imposed. *See Banister v. Davis*, 140 S. Ct. 1698 (2020).