NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 11, 2022[*]
Decided April 11, 2022

**Before**

DAVID F. HAMILTON, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

No. 21-2324

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District Court |
| *Plaintiff-Appellee*, | for the Eastern District of Wisconsin. |
| | |
| *v.* | No. 17-cr-96-pp |
| | |
| MARCELLO MAYS, | Pamela Pepper, |
| *Defendant-Appellant*. | *Chief Judge*. |

**O R D E R**

Marcello Mays, a federal inmate who has hypertension, appeals the district court's denial of his second motion to reconsider its denial of compassionate release. *See* 18 U.S.C. § 3582(c)(1)(A)(i). The district court concluded that Mays had not shown that his medical circumstances were extraordinary and compelling, and that the sentencing factors under 18 U.S.C. § 3553(a) weighed against early release. We affirm.

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

In June 2020, less than a year into a 100-month sentence he is serving for various drug charges, 18 U.S.C. § 2; 21 U.S.C. §§ 841(b)(1)(c), 846, Mays sought compassionate release under § 3582(c) based on his risk of severe illness from hypertension and COVID-19. The government opposed the motion, arguing that Mays's hypertension was well-managed with medication and did not create extraordinary and compelling reasons for release. The court denied Mays's request, noting that Mays—then 39 years old—was "young and relatively healthy," and that the Centers for Disease Control and Prevention did not regard individuals with controlled hypertension as more vulnerable to severe illness from COVID-19. The court also concluded, based on the sentencing factors under § 3553(a), that the seriousness of his offense (he had managed a drug house and carried a gun while distributing heroin), his lengthy criminal history, and his substantially below-guidelines sentence disfavored release.

In December 2020, Mays sent the district court a letter requesting compassionate release. He asserted that his hypertension, pre-diabetes, and family history of heart disease and liver failure increased his risk of serious illness in prison if infected with COVID-19. Two months later, the court construed the letter as a motion to reconsider and denied the request for the same reasons as in its prior order.

In June 2021, Mays again moved to reconsider, arguing that he remained hypertensive and that, as a black man, he had an increased risk of a severe illness if infected. He included two medical studies discussing the transmissibility of COVID-19 in prisons, a CDC webpage listing hypertension as a risk factor, and news articles on racial and gender disparities in COVID-19 outcomes. Mays also urged the court to consider his age and education level, which, he maintained, made him unlikely to reoffend.

The court denied Mays's second motion for reconsideration, finding "no reason to revisit" its original denial of Mays's motion for compassionate release. The court pointed out that the medical experts did not agree on the risks of severe illness from COVID-19 for an otherwise healthy person with hypertension but, regardless, the § 3553(a) factors—the seriousness of Mays's offenses, his extensive criminal history, and the substantial time remaining on his sentence—"militate[d] strongly" against compassionate release.

Before we proceed to the merits of this appeal, we pause to ensure that we have jurisdiction. Although Mays appealed less than 14 days after the court denied his second motion to reconsider, *see* FED. R. APP. P. 4(b)(1)(A)(i), that motion did not suspend the finality of the court's order denying his first motion to reconsider because he did not move for reconsideration within 14 days of its entry. *See United States v.*

*Rollins*, 607 F.3d 500, 502 (7th Cir. 2010). And Mays did not file his notice of appeal until five months after that order. *See* FED. R. APP. P. 4(b)(1)(A)(i). But because the government does not argue that Mays's second motion to reconsider was ineffectual, we decline to enforce the 14-day rule, which is not jurisdictional. *Rollins*, 607 F.3d at 501.

We now turn to the merits of Mays's challenge to the denial of his second motion for reconsideration. He continues to argue that his risk from COVID-19 and hypertension qualify him for release under § 3582(c), and that the § 3553(a) factors, properly weighed, favor his release. But the district court acted well within its discretion by not accepting these contentions. *See United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020). All the court had to do was evaluate the § 3553(a) sentencing factors and identify "just one good reason" to deny compassionate release. *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022). Here, the court provided more than one good reason: it explained that early release was outweighed by the seriousness of Mays's original offenses, his extensive criminal history, and the fact that he had served less than a third of his sentence.

AFFIRMED