**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-4554

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

TRACY LEONARD BROWN,

Defendant – Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Abingdon.  James P. Jones, Senior District Judge.  (1:20-cr-00014-JPJ-PMS-1)

Argued:  May 5, 2022                                         Decided:  July 25, 2022

Before WILKINSON and AGEE, Circuit Judges, and FLOYD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ARGUED:** Donald Russell Pender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charlottesville, Virginia, for Appellant.  Jennifer R. Bockhorst, OFFICE OF THE UNITED STATES ATTORNEY, Abingdon, Virginia, for Appellee. **ON BRIEF:** Juval O. Scott, Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charlottesville, Virginia, for Appellant.  Christopher R. Kavanaugh, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Roanoke, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tracy Brown appeals from the district court's denial of his motion for a new trial under Federal Rule of Criminal Procedure 33(b)(1) based on newly discovered evidence, asserting that the court erred when it concluded that the no-impeachment rule barred it from considering alleged juror misconduct under Federal Rule of Evidence 606(b) and *Peña-Rodriguez v. Colorado*, 137 S. Ct. 855 (2017). We need not reach the merits of his appeal, however, because the evidence he raises fundamentally fails to qualify as newly discovered. Accordingly, we affirm.

## I.

In July 2019, officers with the Carroll County, Virginia Sheriff's Office discovered over two pounds of methamphetamine, two firearms, and drug paraphernalia in the stolen vehicle Brown drove while leading them on a highspeed chase. Brown was subsequently named in a five-count superseding indictment, charging him with possession with intent to distribute 500 grams or more of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii) (Count One); being a felon and an unlawful user of controlled substances in possession of two firearms and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and (3) (Count Two); possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count Three); and distribution and possession with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Counts Four and Five). Brown proceeded to a jury trial, at which he presented no evidence.

3

During the deliberations that followed, the jury foreperson submitted a note to the court, which stated:

> There is a juror who refuses to see anyone else's opinion and will not budge in his own. This is not allowing for any forward movement of the decisions. The juror keeps referring to Mexican law. He will not accept any evidence being shown to him. What should we do about this situation?

J.A. 475, 502. The court responded by reminding the jurors of their duties and obligations under the instructions previously given.

After further deliberation, the jury found Brown guilty on Counts One through Four and not guilty on Count Five. The court then polled the jury, and each juror confirmed that the verdict was his or her own.

Ten days after the trial, the court filed under seal a letter it received from a juror ("Juror A"), which, in relevant part, stated, "Mr. Judge, I was the only [H]ispanic man there. . . . [T]he evidence was not sufficient for all of the charges in my opinion. For such serious charges, I would have liked to see more evidence shown. For several reasons I did not vote how I would have liked to." S.J.A. 573.[1]

Approximately three months later, Brown filed a motion for a new trial under Federal Rule of Criminal Procedure 33(b)(1) based on newly discovered evidence and included an affidavit from Juror A. In his affidavit, Juror A detailed that,

> During deliberations, [he] told the other jurors about [his] concerns with the government's evidence. [He] was mocked and intimidated. Jurors used [his]

---

[1] Although the parties note that there appears to be a page missing from the letter, the district court indicated it "d[id] not have any middle or other page of the letter." Docket Entry No. 133, *United States v. Brown*, No. 1:20-cr-00014-JPJ-PMS-1 (W.D. Va. filed Jan. 10, 2022).

4

accent and Mexican heritage to suggest that [he] was trying to apply Mexican law to the case. [He] was not thinking about Mexican law, but the jurors wrote a note to the [c]ourt implying that [he] was confused. The note embarrassed [him].

J.A. 511. Juror A also described conduct by another juror ("Juror B"):

[Juror B] told [Juror A] that he knew where [Juror A] lived. He also told [Juror A] about his guns. Later during deliberations [Juror B] left his chair, walked towards [Juror A], puffed out his chest in [Juror A's] face and took an aggressive stance while [they] discussed [their] opinions. [Juror A] became scared to disagree with [Juror B].

J.A. 512. Finally, Juror A recounted that "[a] different juror told [Juror A] that [he] had to say yes and agree with the other jurors," while another "told [Juror A] not to embarrass them and to go along with the guilty verdict." *Id.*

Based on the foregoing, Brown requested a new trial, citing two exceptions to the no-impeachment rule, which generally bars courts from considering juror affidavits to impeach a jury verdict: "outside influence" under Federal Rule of Evidence 606(b) and racial animus under *Peña-Rodriguez*.

While the Government argued in its response that Brown's motion failed to identify newly discovered evidence that would be admissible at a new trial or material to Brown's innocence or guilt, the district court denied relief on the merits. In doing so, the court concluded that the contents of Juror A's affidavit "f[ell] squarely within [Rule 606(b)]'s explicit prohibition of statements which 'occurred during the jury's deliberations,'" J.A. 549 (citing Fed. R. Evid. 606(b)(1)), and that *Peña-Rodriguez* was inapplicable because Brown had not alleged a clear statement of racial animus that would have impacted the verdict.

5

The court subsequently sentenced Brown to 248 months' imprisonment. Brown filed a timely appeal. We have jurisdiction under 28 U.S.C. § 1291.

II.

On appeal, Brown asserts that the district court erred in declining to consider the alleged juror misconduct, restating his contention that two exceptions to the no-impeachment rule apply.[2] However, we need not reach these claims because Brown's motion fundamentally fails to present evidence cognizable under Rule 33 as newly discovered. Employing our prerogative to affirm based "on any grounds apparent from the record," *United States v. Smith*, 395 F.3d 516, 519 (4th Cir. 2005), we do so here on that basis.

Rule 33, which provides the basis for "highly disfavored motions that a court should grant only 'sparingly.'" *Ali*, 991 F.3d at 570 (citation omitted), directs that "the court may vacate any judgment and grant a new trial if the interest of justice so requires," Fed. R. Crim. P. 33(a). "Any motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty." Fed. R. Crim. P. 33(b)(1). However, "[a]ny motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilty." Fed. R. Crim. P. 33(b)(2). Thus, because Brown filed his motion for a new trial several

---

[2] We review a district court's Rule 33 decision for abuse of discretion. *United States v. Ali*, 991 F.3d 561, 570 (4th Cir. 2021).

months after the verdict, he was required to present newly discovered evidence to support it.

To succeed on a Rule 33 motion based on newly discovered evidence, the defendant must show that "(1) the evidence is newly discovered; (2) the defendant exercised due diligence; (3) the newly discovered evidence is not merely cumulative or impeaching; (4) the evidence is material; and (5) the evidence would probably result in acquittal at a new trial." *United States v. Moore*, 709 F.3d 287, 292 (4th Cir. 2013). But, as even Brown recognizes, the evidence about Juror A's experience during deliberations "would obviously not be trial evidence." J.A. 539. That is to say, it could in no way "result in acquittal at a new trial." *Moore*, 709 F.3d at 292. As we explained in *United States v. Blackwell*:

> [A] Rule 33 motion is designed to rectify factual injustice, not to correct legal error. *United States v. Evans*, 224 F.3d 670, 674 (7th Cir. 2000). Thus, a Rule 33 motion based upon "newly discovered evidence" is limited to where the newly discovered evidence relates to the elements of the crime charged. *United States v. Hanoum*, 33 F.3d 1128, 1130 (9th Cir. 1994); *see United States v. Rollins*, 607 F.3d 500, 504 (7th Cir. 2010) (explaining that "Rule 33 deals with contentions that evidence discovered after trial shows that the accused is innocent"). As we have stated, a new trial should be granted under Rule 33 only if the evidence [would] probably result in acquittal at a new trial. [*United States v. Chavis*, 880 F.2d 788, 793 (4th Cir. 1989)].

436 F. App'x 192, 198 (4th Cir. 2011) (per curiam) (internal quotation marks omitted) (first and second alterations in original, third alteration added); *see also Chavis*, 880 F.2d at 793.

Identifying no newly discovered evidence as the basis for Brown's motion, we conclude that he cannot prevail under Rule 33. Thus, we affirm the judgment of the district court.

## III.

For the reasons discussed above, the judgment of the district court is

*AFFIRMED.*