**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 31, 2022*
Decided September 2, 2022

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

CANDACE JACKSON-AKIWUMI, *Circuit Judge*

No. 22-1062

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | No. 19-cr-81-wmc |
| EMMANUEL ODIAH, *Defendant-Appellant*. | William M. Conley, *Judge*. |

**O R D E R**

Emmanuel Odiah appeals the denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). The district court correctly ruled that Odiah, who is vaccinated, did not show an extraordinary and compelling reason for compassionate release based on a risk from COVID-19 or any error at sentencing. We therefore affirm.

---

* We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

In 2020, the district court sentenced Odiah to a 54-month sentence for money laundering. He laundered money for a wire-fraud scheme in which his co-conspirators stole more than $600,000 from at least 19 victims. *See* 18 U.S.C. § 1956(a)(1)(B)(1), (h). Odiah's direct appeal was dismissed as untimely. He moved for relief under 28 U.S.C. § 2255, arguing, in part, that the district judge miscalculated his guideline range by applying the wrong offense level. While that motion was pending, Odiah moved for compassionate release. He asserted that two extraordinary and compelling reasons warranted his release: First, he was at risk of contracting a severe case of COVID-19 because of his obesity and the poor sanitation in his prison; and second, his sentence was erroneous, as asserted in his § 2255 motion. He also argued that the sentencing factors listed in 18 U.S.C. § 3553(a) weighed in favor of his release because he was a first-time, nonviolent offender.

The judge denied the motion for compassionate release, ruling that Odiah had not shown an extraordinary and compelling reason for release under 18 U.S.C. § 3582(c)(1)(A)(i). He explained that Odiah had little risk of contracting COVID-19 because he was vaccinated; no medical evidence suggested that Odiah's weight would affect the efficacy of the vaccine; and no inmate and only one staff member at his prison had then tested positive for the virus. He declined to address Odiah's sentencing-error argument, explaining that it was a collateral attack on his conviction, not a ground for compassionate release. Finally, he concluded that the sentencing factors listed in 18 U.S.C. § 3553(a) counseled against Odiah's release because the financial and psychological injuries he caused to 19 victims showed he was a danger to the public.

We pause to discuss the scope of the appeal. After the judge denied his motion for release, Odiah moved for reconsideration. Before the judge ruled on that motion, Odiah appealed the denial of compassionate release, but the notice of appeal was docketed only *after* the judge denied the motion for reconsideration. Then, while this appeal was pending, Odiah filed a second motion for reconsideration, which the judge denied. This appeal is limited to review of the initial order denying release and the first order denying reconsideration. When Odiah appealed, the order denying release was not final because he had moved the judge to reconsider his ruling. *See United States v. Rollins*, 607 F.3d 500, 504 (7th Cir. 2010). The appeal took effect when the judge denied the motion to reconsider and the clerk docketed the notice of appeal, *see id.*, placing both the denial of the motion for release and of the first motion for reconsideration within our jurisdiction. *See* FED. R. APP. P. 3(c)(4). At that point, jurisdiction over the case transferred from the district court to ours, so the district judge could not grant Odiah's second motion for reconsideration. *See* FED. R. CRIM. P. 37(a).

On the merits, Odiah argues that the district judge erred by relying on his vaccination status to determine his risk from COVID-19 instead of conducting an individualized assessment. But we ruled in *United States v. Broadfield* that COVID-19 is not an "extraordinary and compelling reason" for immediate release of a vaccinated prisoner unless he provides evidence that he cannot benefit from the vaccine. 5 F.4th 801 (7th Cir. 2021); *see also United States v. Barbee*, 25 F.4th 531, 533 (7th Cir. 2022). Odiah did not present any evidence that vaccines would be ineffective for him. He responds that he submitted evidence of his obesity. But he furnished that evidence in his second motion for reconsideration, which is outside the scope of this appeal. In any case, evidence of obesity is not enough; Odiah must show that his weight impairs the vaccine's efficacy, and he has not.

Odiah also argues that the district judge wrongly refused to consider his claim of a sentencing error, but again circuit precedent forecloses his argument. Defendants may not use compassionate-release motions to bypass the normal process for challenging sentences. *United States v. Martin*, 21 F.4th 944, 946 (7th Cir. 2021). Thus, a claim of a sentencing error is not an extraordinary and compelling reason for relief. *Id.*; *see also United States v. King*, 40 F.4th 594, 596 (7th Cir. 2022).

Finally, Odiah argues that, in finding that the factors under 18 U.S.C. § 3553(a) weighed against release, the judge ignored his argument that his crime was nonviolent. Because Odiah did not present any extraordinary and compelling reasons warranting relief, the judge was not required to analyze the § 3553(a) factors. *United States v. Ugbah*, 4 F.4th 595, 598 (7th Cir. 2021). Regardless, the judge's analysis was sound. He explained that Odiah was a danger to his community based on the extensive financial and psychological harm he caused his many victims. *See* § 3553(a)(1). No further discussion was needed; "[i]t is enough to state one reason adequate to support the judgment." *Ugbah*, 4 F.4th at 598.

AFFIRMED